| | |
|---|---|
| 1 | TORY M. PANKOPF, Esq. (SBN 202581) |
| 2 | **T M PANKOPF, PLLC** |
|   | 9460 Double R Boulevard, Suite 104 |
| 3 | Reno, Nevada 89521 |
|   | Ph.: 775-384-6956 |
| 4 | Fax: 775-384-6958 |
|   | E-mail: tory@pankopfuslaw.com |
| 5 | Attorney for Debtor-in-possession, |
| 6 | CORRINE HUTTLINGER |

### UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA

| In re: | CASE NO. 13-34976 |
|---|---|
| CORINNE HUTTLINGER, | Chapter 11 |
| Debtor in Possession | DCN: TMP-015 |
| | Date: June 16, 2015 |
| | Time: 11:00 am |
| | Courtroom: 32 |
| | Judge: Christopher D. Jaime |

### STIPULATION ON VALUE OF REAL PROPERTY,

### ADEQUATE PROTECTION PAYMENTS, AND CHAPTER 11 PLAN TREATEMENT

### [131 Shoshone Court, Danville, CA 94526]

This Stipulation is entered into between Debtor Corrine Huttlinger ("Debtor"), by and through her attorney of record, Tory M. Pankopf, and Green Tree Servicing LLC as the authorized servicer for Federal National Mortgage Association ("Fannie Mae"), as owner/ investor of the loan and who has authority from its Principle to enter into this stipulation, by and through its attorney of record, Dane W. Exnowski of the Law Offices of Malcolm Cisneros (collectively, "Parties").

-1-
STIPULATION RE PLAN TREATMENT

**RECITALS**

Debtor is the borrower and obligor under a Note in favor of the Principle, in the original principal amount of $289,000.00 ("Note") secured by a Deed of trust ("Deed of Trust") encumbering the real property located at and commonly described as 131 Shoshone Court, Danville, CA 94526, with Assessor's Parcel Number 015-263-16-100 ("Property").

The Note and Deed of Trust are collectively referred to as the "Subject Loan." Creditor is the beneficiary of the Deed of Trust and is the owner of the Subject Loan.

On or about November 23, 2013, Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of the State of California, case number 13-34976.

**STIPULATION**

The Parties hereby stipulate and agree as follows:

1. The value of the Property is $440,000.00;

2. Creditor's claim, which is $309,882.24 as of June 15, 2015, based upon the stipulated value of the Property, is fully secured. The amount is inclusive of pre and post property taxes paid by Creditor and interest due Creditor through June 15, 2015.

3. Debtor shall make adequate protection payments in the amount of $1,239.06, beginning July 15, 2015, until confirmation of her Chapter 11 Plan;

4. Upon confirmation of the Chapter 11 Plan, the Subject Loan balance will be re-amortized over 30 years at 4.875% fixed to account for the adequate protection payments and to determine the amount to be paid as provided by 11 U.S.C. § 506(b).

5. Debtor will pay the monthly principal and interest payments which is based upon the stipulated claim amount determined under paragraph 4, amortized over 30 years, with a fixed interest rate of 4.875%, as well as the impound for taxes only in the amount of $286.88. The amount for taxes is subject to change in accordance with the Deed of Trust. The payment does not include homeowner's insurance. Debtor will pay homeowner's insurance directly to her car-

1  rier. Payment will commence on the first day of the first full month after the effective date of the
2  plan and continue for 360 months or until it is paid in full;
3  6.  Creditor's Deed of Trust shall retain its first secured position on the Property until debt is
4  paid in full;
5  7.  Creditor agrees that it will cast its votes as a secured creditor to accept the Chapter 11
6  Plan and the Plan is hereby amended so that it conforms to the treatment set forth in this Stipula-
7  tion;
8  8.  Debtor must maintain adequate insurance coverage for the Subject Property pursuat to the
9  Deed of Trust.
10 9.  Upon any default in the foregoing terms and conditions, Creditor shall serve a 14-day
11 written notice of default to Debtor and any attorney of record for Debtor;
12 10. This agreement does not change any other terms and conditions of the Note and Deed of
13 Trust;
14 11. Should this case is converted to another chapter under the Bankruptcy Code prior to con-
15 firmation of a Chapter 11 Plan, this Stipulation shall become null and void;
16 12. Debtor has filed a Chapter 11 Plan that differs from the treatment set forth herein, the
17 Stipulation herein agreed to shall take precedence over the terms set forth in the Disclosure
18 Statement and Plan;
19 13. The Parties request that the Court approve this Stipulation.

**IT IS SO STIPULATED.**

Dated: June 15, 2015                                Dated: June 15, 2015


By: s/Tory M. Pankopf                               By: /s/ Dane W. Exnowski
    Tory M. Pankopf, Esq.,                              Dane W. Exnowski, Esq.,
    Attorney for Debtor                                 Attorney for Creditor