Tory M. Pankopf (SBN 202581)
**LAW OFFICES OF T M PANKOPF PLLC**
9460 Double R Boulevard, Suite 104
Reno, Nevada 89521
Telephone: (775) 384-6956
tory@pankopfuslaw.com
Attorney for Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CORINNE HUTTLINGER,<br><br>　　　　Debtor in Possession. | Case No: 13-34976<br><br>Chapter: 11<br><br>DCN: TMP-016<br><br>**SECOND AMENDED PLAN OF REORGANIZATION**<br><br>**Hearing Date: August 18, 2015**<br>**Hearing Time: 11:00 am**<br>**Place: Dept. B, Room 32**<br>**Judge: Christopher D. Jaime** |

///

///

///

///

Law Offices of
T M PANKOPF, PLLC
9460 Double R Boulevard
Suite 104
Reno, Nevada 89521
(775) 384-6956

- 1 -

Second Amended Plan of Reorganization

Table of Contents

A. Definitions..................................................................................................................... 3
    **Bankruptcy Code**.......................................................................................................... 3
    **Bankruptcy Court**......................................................................................................... 3
    **Disputed Claim**............................................................................................................ 3
    **Secured claim**.............................................................................................................. 3
    **Unsecured claim**.......................................................................................................... 3
    **Pro rata**....................................................................................................................... 4
    **Effective Date**.............................................................................................................. 4
    **Final Order**................................................................................................................. 4
    **Petition Date**............................................................................................................... 4
    **Post-Petition**............................................................................................................... 4
    **Pre-Petition**................................................................................................................ 4

B. DIVISION OF CLAIMS INTO CLASSES.................................................................. 5
    **Classes 1a-1e**............................................................................................................... 5
    **Classes 2a-2b**.............................................................................................................. 5
    **Class 3a-3b**................................................................................................................. 5
    **Class 3c**....................................................................................................................... 6

C. TREATMENT OF CLASSIFIED CLAIMS................................................................. 6

D. TREATMENT OF UNCLASSIFIED CLAIMS......................................................... 10
    **Administrative Claims**.............................................................................................. 10
    **Priority and Post Petition Claims**............................................................................. 11

E. COMMENCEMENT OF PAYMENTS UNDER THE PLAN.................................... 11

F. FILING OF CLAIMS AND OBJECTIONS TO CLAIMS......................................... 11

G. CONTEMPLATED PAYMENTS FOR SERVICES, COSTS AND EXPENSES....... 12

H. EXECUTORY CONTRACTS AND UNEXPIRED LEASES................................... 12

I. APPOINTMENT OF DISBURSING AGENT............................................................ 12

J. DEFAULTS UNDER THE PLAN............................................................................... 12

K. DISCHARGE............................................................................................................. 14

L. DURATION OF PLAN.............................................................................................. 14

M. MISCELLANEOUS.................................................................................................. 14

N. RETENTION OF JURISDICTION........................................................................... 15

Law Offices of
**T M PANKOPF, PLLC**
9460 Double R Boulevard
Suite 104
Reno, Nevada 89521
(775) 384-6956

# **PLAN OF REORGANIZATION**

Corinne Huttlinger (hereinafter, "Debtor") proposes the following Second Amended Plan of Reorganization (the "Plan") dated July 16, 2015.

## **A. DEFINITIONS**

1. **"Allowed"** claim or interest, whether secured or unsecured, means (a) a claim or interest against Debtor as to which (i) the holder has filed a timely proof of claim or interest, or has such claim or interest listed in Debtor's schedules of assets and liabilities in the same amount and such claim or interest is not listed therein as disputed, unliquidated or contingent, and (ii) within 60 days of the Effective Date, no party in interest (including Debtor) has filed a timely objection, or (b) the claim or interest has been allowed by final order of the Bankruptcy Court. Notwithstanding the foregoing, Debtor may treat any claim listed on her schedules of assets and liabilities and any proof of claim or interest filed on behalf of the holder thereof by Debtor as if such claim were an allowed claim for any or all purposes under this Plan.

2. **"Bankruptcy Code"** means Title 11 of the United States Code, 11 U.S.C. § 101 et seq.

3. **"Bankruptcy Court"** means the United States Bankruptcy Court for the Eastern District of California, Sacramento Division.

4. **"Disputed Claim"** means any claim that is not an allowed claim or any claim where there is a challenge as to its validity or amount.

5. **"Secured claim."** A secured claim is such a claim as is determined by the court to be properly secured by the collateral or item which the creditor has properly perfected in exchange for the goods, money or other consideration advanced to Debtor to the extent of the value of the collateral.

6. **"Unsecured claim."** An unsecured claim is a claim not sufficiently secured by a lien, encumbrance, deed of trust, or similar documents by any goods, collateral, or tangible or intangible assets, materials, or items, including any portion of a secured claim that is under collateralized because the value of the security has fallen below the value of the claim. Also, included in this class are those claims arising from a rejection of executory contracts as

Law Offices of
T M PANKOPF, PLLC
9460 Double R Boulevard
Suite 104
Reno, Nevada 89521
(775) 384-6956

- 3 -

Second Amended Plan of Reorganization

provided herein or any lien that has been avoided from the title of its collateral by order of court resulting in the claim being unsecured.

7. **"Pro rata."** Pro Rata means proportionally so that the amount of consideration distributed on account of a particular allowed claim in relation to the amount of all claims in the same class is in the same ratio as the amount of consideration distributed to all other claims in the same class in which the particular claim is included.

8. **"Effective Date"** means the date on which an Order confirming the Plan becomes a Final Order.

9. **"Final Order"** means a court order that has not been reversed, stayed, modified or amended, as to which the time to appeal or to seek certiorari, review or rehearing has expired or been effectively waived, as to which no appeal or petition for certiorari, review or rehearing is pending, and that has become conclusive on all matters adjudicated thereby and is in full force and effect.

10. **Alternatively, where appropriate, "Final Order"** means a settlement between the parties to a given matter, except that if a court order is necessary for approval of that settlement, then that order must be a Final Order as defined above.

11. **"Petition Date"** means the date on which Debtor's petition commencing this case was filed, that is, November 23, 2013.

12. **"Post-Petition"** means after the date of filing Debtor's petition.

13. **"Pre-Petition"** means prior to the date of filing Debtor's petition.

///
///
///
///
///
///

Law Offices of
**T M PANKOPF, PLLC**
9460 Double R Boulevard
Suite 104
Reno, Nevada 89521
(775) 384-6956

- 4 -

Second Amended Plan of Reorganization

## B.     DIVISION OF CLAIMS INTO CLASSES

14. Debtor's Plan of Reorganization divides the claims against Debtor into three (3) main classes (Classes 1, 2 and 3) with each class being divided into additional subclasses. Class 1 are secured claims. Each secured claim is separately classified in accordance with each item of collateral. Each claim is identified as impaired or not impaired. Class 2 are administrative, tax and other priority claims. Class 3 are general unsecured claims.

15. **Classes 1a to 1e.** Each class in this category represents a separate secured creditor with a lien on a particular asset. The creditor will be paid in full to the extent there is equity to secure the lien. The balance of the claim will be paid as an unsecured claim. These claims may or may not be impaired.

16. **Class 2a to 2c.** Each class in this category represents a separate creditor for which taxes and other priority amounts are due. The creditors in this category will be paid in full to the extent of the priority status of their liens. Any non-priority amount of the claim will be included in the unsecured, non-priority portion of the Plan and paid as such. These claims may or may not be impaired.

17. **Class 3a to 3c.**

   **a. Class 3a.** For administrative convenience, all unsecured claims in the amount of $1,000 or less or where the creditor agrees to reduce its claim to $1,000 or less has been included in this class. The election to reduce a claim shall be made by the time ballots for voting on the Plan must be submitted. This class is impaired.

   1) 11 U.S.C. §1122(b) permits the creation of a class of creditors that have unsecured claims that are less than or are reduced to an amount that the court approves as reasonable and necessary for administrative convenience. See also, In re Johnston, 140 B.R. 526, 528 (B.A.P. 9th Cir. 1992) aff'd, 21 F.3d 323 (9th Cir. 1994), as amended (May 6, 1994) (separate classification of small unsecured creditors permitted).

   **b.  Class 3b.** All general unsecured claims and deficiency claims not otherwise classified above are included in this class. This class is impaired.

Law Offices of
T M PANKOPF, PLLC
9460 Double R Boulevard
Suite 104
Reno, Nevada 89521
(775) 384-6956

    **c. Class 3c.** Debtor will retain whatever remaining interests or equity she may have in the real and personal property of the estate after treatment and payment of the secured and unsecured claims of the creditors. This class is impaired.

18. Claims eligible for inclusion in Classes 3a-3b would include, but is not limited to, (a) trade creditors of Debtor, (b) unsecured claims under any leases or executory contracts that Debtor rejects (including any commercial leases that have been or will be rejected), or (c) the "deficiency" claims of any other creditors in Classes 1a -1h (ie., The claims of such creditors to the extent that a claim exceeds the value of the collateral). Further, the portion of any secured claim which exceeds the value of the alleged security will be treated as an unsecured claim. These claims will not receive full payment.

### C. TREATMENT AND CLASSIFICATION OF CLAIMS.

19. A description of each class and the treatment of the claims in each class are as follows:

| Creditor | Claim amount and description | Treatment of claim |
|---|---|---|
| Class 1a:<br>B of A, N.A. | $236,263.40 (Claim 15)<br><br>Creditor holds a first deed of trust on the real property located at 317 Fir Street, Tahoma, CA. The parties have stipulated to a value of $191,000 pursuant to the stipulation and order entered on May 8, 2014 [Docs 100 and 101] | Upon confirmation of the Plan, Debtor will pay the monthly amount of $1,025.33 (principal and interest) which is the stipulated loan amount of $191,000, amortized over 30 years, with a fixed interest rate of 5.00%, as well as the impounds for taxes and insurance in the amount of $395.33, for a total payment of $1,420.66. Payment will commence on the first day of the first full month after the effective date of the Plan. The interest rate of 5.00% will remain over the life of the loan. Debtor will be credited with payments made post petition and pre-confirmation towards the loan.<br><br>The creditor will retain its first deed of trust until the secured debt is paid in full. The balance of the debt over and above the secured portion ($45,263.40) will be treated and paid as an unsecured claim. Upon completion of this Plan, Debtor will be entitled to an order expunging or voiding any unsecured portion of the lien. |

Law Offices of
T M PANKOPF, PLLC
9460 Double R Boulevard
Suite 104
Reno, Nevada 89521
(775) 384-6956

| Creditor | Claim amount and description | Treatment of claim |
|---|---|---|
| | | If there are any post-petition property taxes or insurance premiums that are due and remain unpaid or were advanced by the creditor, Debtor will reimburse Creditor for those post-petition advances after Creditor notifies Debtor of any amounts expended and a breakdown of the costs incurred.<br><br>This claim is impaired. |
| Class 1b:<br><br>Ventures Trust 2013- I-H-R- by MCM Capital Partners LLC, It's Trustee | $431,364.13 (Claim 16)<br><br>Creditor or its successor holds a first deed of trust against the property at 7219 4th Avenue, Tahoma, CA, in the approximate total amount of $438,912.00. | Debtor's proposed stipulation:<br><br>1) value of property is $440,000.00;<br><br>2) Debtor will make adequate protection payments in the amount of $2,206.80, beginning September 15, 2015, and continue until confirmation;<br><br>3) upon confirmation, the loan balance will be re-amortized over 40 years at 4.875% fixed to account for the adequate protection payments and to determine the amount to be paid;<br><br>4) the amount of the claim is $438,912.00 which is inclusive of pre and post property taxes paid by Creditor and interest due Creditor;<br><br>5) It is estimated Debtor will pay the monthly amount of $2,080.21 (principal and interest) which is based upon the stipulated loan amount of $438,912.00, amortized over 40 years, with a fixed interest rate of 4.875%, as well as the impound for taxes only in the amount of $385.00 for a total payment of $2,465.21;<br><br>6) Debtor is paying property insurance directly to insurer; |

**Law Offices of**
**T M PANKOPF, PLLC**
9460 Double R Boulevard
Suite 104
Reno, Nevada 89521
(775) 384-6956

- 7 -

Second Amended Plan of Reorganization

| Creditor | Claim amount and description | Treatment of claim |
|---|---|---|
| | | 7) Payment will commence on the first day of the first full month after the effective date of the Plan; and |
| | | 8) The creditor will retain its first deed of trust until the secured debt is paid in full. |
| | | This claim is impaired. |
| Class 1c:<br><br>Green Tree Servicing | $282,132.75 (Claim 11)<br><br>Creditor or its successor, claims to hold a first deed of trust against the property at 131 Shoshone Court, Danville, CA 94526. | Stipulation Order June 17, 2015, re: Plan treatment:<br><br>1) value of property is $440,000.00;<br><br>2) upon confirmation of the Plan, Debtor will pay a monthly mortgage payment of principal and interest is based upon a loan amount of balance due at time of confirmation of the Plan with a fixed interest rate of 4.875% amortized over 30 years, as well as the impounds in the amount of $286.88. The amount for taxes is subject to change in accordance with the Deed of Trust. The payment does not include homeowner's insurance. Debtor will pay homeowner's insurance directly to her carrier. Payment will commence on the first day of the first full month after the effective date of the plan and continue for 360 months or until it is paid in full;<br><br>3) Creditor's claim, which is $309,882.24 as of June 15, 2015, based upon the stipulated value of the Property, is fully secured. The amount is inclusive of pre and post property taxes paid by Creditor and interest due Creditor through June 15, 2015;<br><br>4) Creditor will retain its first deed of trust until the secured debt is paid in full. |

**Law Offices of**
**T M PANKOPF, PLLC**
9460 Double R Boulevard
Suite 104
Reno, Nevada 89521
(775) 384-6956

- 8 -

Second Amended Plan of Reorganization

| Creditor | Claim amount and description | Treatment of claim |
|---|---|---|
| | | 5) Debtor shall make adequate protection payments in the amount of $1,239.06, beginning July 15, 2015, until confirmation of her Chapter 11 Plan.<br><br>This claim is impaired. |
| Class 1d:<br><br>Crow Canyon Heights Homeowners' Association | $2,640.00 (Claim 2)<br><br>Creditor is the homeowners' association where 131 Shoshone Court, Danville, CA is situated. Only the past due HOA assessments are secured. The balance is unsecured. | Creditor filed a claim for pre-petition delinquent dues ($2,640.00 secured) as well as costs and interest incurred in enforcing the lien pre-petition ($1,030.74 unsecured).<br><br>Upon confirmation of the Plan, Debtor will pay $44.00/month for 60 months at 0% interest for the secured portion of the claim and the unsecured portion shall be paid as class 3b (unsecured). Claim is impaired. |
| Class 1e:<br><br>California Check Cashing Stores, LLC | $6,432.57 (Claim 5)<br><br>Creditor's claim is a title loan on Debtor's 2006 Land Range Rover and the loan is secured to the vehicle. | Upon confirmation of the Plan, Debtor will pay a monthly Plan amount $136.66 for 60 months (10% interest included in payment) which shall be allocated by the trustee.<br><br>Debtor is filing a motion to modify the interest payment from 119% to 10%.<br><br>The Claim is impaired. |
| Class 2a:<br><br>Franchise Tax Board | $53.55 (Claim 7 as Amended 4-16-15) | Debtor has filed her 2012 State Income Taxes. Creditor no longer has a priority claim.<br><br>The Creditor's general unsecured portion ($53.55) of its claim for the 2009 tax year will be paid as a general unsecured claim. |
| Class 2b:<br><br>IRS | $ 0.00 (Claim 8 as Amended 4-16-2015) | Debtor has filed her 2012 Federal Income Taxes. Creditor no longer has a priority claim. |

Law Offices of
T M PANKOPF, PLLC
9460 Double R Boulevard
Suite 104
Reno, Nevada 89521
(775) 384-6956

- 9 -

Second Amended Plan of Reorganization

| Creditor | Claim amount and description | Treatment of claim |
|---|---|---|
| Class 2c:<br><br>CA State Board of Equalization | $708.34 (Claim 13)<br><br>Creditor's claim is for Fire Prevention Fees owed for both Tahoma real properties for fiscal years of 2011 though 2013. | Upon confirmation of the Plan, Debtor will pay a monthly Plan amount $11.81 for 60 months which shall be allocated by the trustee.<br><br>The claim is impaired |
| Class 3b:<br><br>All other allowed general unsecured claims | Unsecured Claims<br><br>$133433.31 contained in this class including the unsecured portion of modifiable secured claims and any non-priority portions of proofs of claim filed by governmental entities. | All creditors in this class shall receive 31.25% (liquidation value of Estate) of their claims.  Debtor will pay 31.25% of the unsecured amounts, or $41,733.00 over 7 years (84 month) at $497.00 per month. Payment will commence within 20 days from the effective date of the Plan.  The payments will continue until the full 31.25% of all unsecured amounts have been paid, unless a particular claim has been dismissed, waived or denied by court order.<br><br>Debtor reserves the right to object to any particular claim as to amount or validity.  No interest will accrue on these claims. |
| Class 3c<br>Equity Interests of Debtor | Equity Interests of Debtor Corinne Huttlinger | Debtor will retain whatever remaining interests or equity she may have in the real and personal property of the estate after treatment and payment of the secured and unsecured claims of the creditors.  This class is impaired. |

### D.    TREATMENT OF UNCLASSIFIED CLAIMS

**Administrative Claims**

20.    Administrative Claims that are undisputed and not otherwise barred will be paid in full upon the **Effective** Date (as required by 11 U.S.C. §1129(a)(9)(A)) except to the extent that a claim holder agrees to some other treatment.

Law Offices of
T M PANKOPF, PLLC
9460 Double R Boulevard
Suite 104
Reno, Nevada 89521
(775) 384-6956

- 10 -

Second Amended Plan of Reorganization

**Priority and Post Petition Claims**

21. Debtor has unsecured priority claims which total $708.34, which are made up of the following claim:

|  | Priority Portion | Non-Priority Portion |
|---|---|---|
| a) State Board Equalization | $ 708.34 | $ 0.00 |

Priority claims will be paid prior to any other creditors, in full, from Debtor's monthly payments as they are made.

### E.    COMMENCEMENT OF PAYMENTS UNDER THE PLAN AND USE OF CASH   COLLATERAL

22. The payments under the Plan will commence within 20 days of the effective date of the Plan unless otherwise provided to a particular creditor.

23. Debtor has collected rents from the real properties and has deposited the same into her Debtor In Possession (DIP account $18,913.19 and Chalet De Huttlinger account $17,895.81, totaling $36,809.00 - $5,000.00 deposit held)) bank accounts.  To the extent such represent cash collateral, debtor may use such cash collateral to fund the Plan.

### F.    FILING OF CLAIMS AND OBJECTIONS TO CLAIMS

24. The bar date for the filing of claims was on March 31, 2014 (5/22/14 for governmental units).  Debtor will pay any claims that were timely filed or were listed in Debtor's petition or schedules and were not marked as disputed, unliquidated or contingent pursuant to FRBP 3003(c)(3).  A timely proof of claim or the listing of a claim that is not deemed disputed, unliquidated or contingent in Debtor's petition is prima facie evidence of the claim.  If a creditor's claim has not been so listed in Debtor's petition or no claim has been filed, the creditor is not entitled to vote on the Plan nor entitled to distribution under the Plan pursuant to FRBP 3003(c)(2).

25. Should a claim be timely filed or has been listed in Debtor's petition as undisputed, liquidated or non-contingent, Debtor may still object to the claim or by any other party in interest with standing to object.  Upon such objection, the amount of money which would otherwise have been paid to such claimant shall be retained by Debtor in a trust account until

Law Offices of
**T M PANKOPF, PLLC**
9460 Double R Boulevard
Suite 104
Reno, Nevada 89521
(775) 384-6956

- 11 -

Second Amended Plan of Reorganization

the Bankruptcy Court has made a final determination with respect to the allocation of such claim.

26. Objection will have occurred by Debtor filing either an objection to a claim or by the filing of an adversary proceeding to determine the validity of the claim. In either case, Debtor will request a status conference with the court if the court has not scheduled one.

27. A creditor's claim will be challenged or disputed if Debtor has determined that the claim is barred or does not have sufficient legal or factual grounds to support it and the costs of disputing the claim is justifiable. Debtor shall have 60 days from the filing of the claim or from the effective date of the Plan to file her objections, whichever is later.

28. Should such an objected claim be allowed and only to the extent that such a claim is allowed, sums set aside for that claim in the trust account shall be distributed to such holder of such claim. Individual holders of claims in this class may, at their option, agree to a less favorable treatment of their claims. Claims not objected to will not be affected and will continue to be paid.

29. Debtor will review the various claims to determine if valid objections exist as to portions of any claims. Debtor reserves the right to file objections to any disputed claims.

### G. CONTEMPLATED PAYMENTS FOR SERVICES, COSTS AND EXPENSES

30. No court appointed professionals, including Debtor's counsel, shall be paid until their fees are approved by the court.

### H. EXECUTORY CONTRACTS AND UNEXPIRED LEASE

31. All executory contracts not heretofore assumed or rejected are hereby rejected. Rejection claims not already barred by bar dates must be filed within days after confirmation.

### I. APPOINTMENT OF DISBURSING AGENT

32. Debtor will act as her own disbursing agent for this Plan.

### J. DEFAULTS UNDER THE PLAN

33. <u>Automatic Stay Vacated</u>. The automatic stay of section 362(a) of the Bankruptcy Code terminates as of the confirmation date of the Plan.

Law Offices of
T M PANKOPF, PLLC
9460 Double R Boulevard
Suite 104
Reno, Nevada 89521
(775) 384-6956

- 12 -

Second Amended Plan of Reorganization

34. <u>Creditor Action Restrained</u>.  The confirmed Plan is binding on every creditor whose claims are provided for in the Plan, including creditors who are identified in the petition and their claim is disputed, contingent, unliquidated, or subject to set off.  Therefore, notwithstanding paragraph 56 above, a creditor may not take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, as defined in paragraph 58 below.

35. <u>Material Default Defined</u>.  If there is a written agreement between the lender and Debtor or if a note and deed of trust determines the obligations of Debtor, the written document will determine the procedures and remedies if there is a default.

36. Otherwise, if no such written agreement exists and if Debtor fails to make any payment required under the Plan or to perform any other obligation required under the Plan for more than 30 calendar days after the time specified in the Plan for such payment or other performance, the affected creditor shall serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default.   If Debtor fails within 20 calendar days after the date of service of the notice of default either: (i) to cure the default; or (ii) to notice a hearing to obtain from the court an extension of time to cure the default or a determination that no default occurred, then Debtor is in Material Default under the Plan and creditor may take action under paragraph 35 below.

37. Alternatively, the creditor may seek any state court remedies that are available to enforce the breach.  The creditor may settle with Debtor for a sum less than what is accorded that creditor under the Plan without necessity of court approval.

38. <u>Remedies Upon Material Default</u>.  Upon Material Default, an affected creditor may:

(i)    Take any actions permitted under applicable non-Bankruptcy law to enforce the obligation due the affected creditor under the Plan, and may accelerate the time for performance of all payments and other performance due to the creditor over the course of the Plan and not yet performed at the time of the Material Default; or

(ii)    File and serve a motion to convert the case to one under chapter 7.

Law Offices of
T M PANKOPF, PLLC
9460 Double R Boulevard
Suite 104
Reno, Nevada 89521
(775) 384-6956

- 13 -

Second Amended Plan of Reorganization

### K. DISCHARGE

39. Because Debtor is an individual, confirmation of the Plan will not discharge any debt provided for in the Plan until the court grants a discharge on completion of all payments under the Plan, unless, after notice and a hearing, the court orders otherwise for cause.

40. Alternatively, at any time after the confirmation of the Plan, and after notice and a hearing, the court may grant a discharge to Debtor even if she has not completed all payments under the Plan if—

> (i) the value, as of the effective date of the Plan, of property actually distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of Debtor had been liquidated under chapter 7 on such date; and
>
> (ii) modification of the Plan under section 1127 is not practicable.

### L. DURATION OF PLAN

41. Debtor's Plan is expected to be completed within seven (7) years (84 months) from the effective date of the Plan although payments to the secured creditors will extend until their loans are paid off. The duration of the Plan will not prevent the application and approval of a final decree. Debtor intends to apply for the final decree after the Plan has been substantially consummated. Debtor intends to apply for the final decree after the first month of payments to creditors has begun.

### M. MISCELLANEOUS

42. PREPAYMENT: Debtor shall have the privilege of prepayment in any amount at any time (but not disproportionately as to any creditor within any class except by settlement with said creditor).

43. U.S. Trustee's Fees and Quarterly Reports: Debtor will continue to pay the U.S. Trustee the quarterly fees and file her post-confirmation reports until entry of the final decree, dismissal, closure or conversion of its case.

Law Offices of
T M PANKOPF, PLLC
9460 Double R Boulevard
Suite 104
Reno, Nevada 89521
(775) 384-6956

- 14 -

Second Amended Plan of Reorganization

## N. RETENTION OF JURISDICTION

44. The Bankruptcy Court shall retain jurisdiction after confirmation of the Plan: (a) to consider (and reconsider if appropriate) claims and objections thereto; (b) to fix and determine expenses of administration and compensation which were incurred prior to confirmation of this Plan; (c) to hear and determine any dispute arising under or relating to the Plan or arising under or relating to this Chapter 11 reorganization case; (d) to enforce all discharge provisions of the Plan; (e) to enforce any default under the Plan (f) to convert or dismiss the case upon default and (g) to make such orders and directions pursuant to 11 U.S.C. §§ 1127 and 1142 as may be necessary or appropriate.

45. Please read Debtor's Disclosure Statement for additional information regarding this Plan.

DATED: July 16, 2015.        **Law Offices of T M Pankopf, PLLC**

                                By      /S/ Tory M. Pankopf
                                        TORY M. PANKOPF
                                        Attorney for Debtor

DATED: July 16, 2015.

                                By      /S/ Corinne Huttlinger
                                        CORINNE HUTTLINGER
                                        Debtor in Possession

**Law Offices of**
**T M PANKOPF, PLLC**
9460 Double R Boulevard
Suite 104
Reno, Nevada 89521
(775) 384-6956