Tory M. Pankopf (SBN 202581)
**LAW OFFICES OF TORY M PANKOPF LTD**
748 S Meadows Parkway, Suite 244
Reno, Nevada 89521
Telephone: (775) 384-6956
Facsimile: (775) 384-6958
tory@pankopfuslaw.com
Attorney for Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CORINNE HUTTLINGER,<br><br>　　　　Debtor in Possession. | Case No: 13-34976<br>Chapter: 11<br>DCN: TMP-021<br>**EX PARTE MOTION TO REOPEN BANKRUPTCY CASE**<br><br>Date:<br>Time: 2:00 p.m.<br>Dept: B, Courtroom 32<br>Judge: Hon. Christopher D. Jaime |

　　　　Debtor in Possession, CORINNE HUTTLINGER ("Ms. Huttlinger" or "Debtor"), by and through her attorney Tory M. Pankopf of the Law Offices of Tory M Pankopf Ltd, pursuant to Local Rule 5010-1, hereby moves this Court for an Order reopening this case for the purpose of enforcing the terms of the confirmed plan and moving the court for an order to show cause why sanctions should not be imposed on creditor, including its agents acting on its behalf, for contempt of the court's order confirming the plan. This motion is based upon the Memorandum of Points and Authorities below.

**Law Offices of**
**Tory M Pankopf Ltd**
748 S Meadows Parkway
Suite 244
Reno, Nevada 89521
(775) 384-6956

- 1 -

**EX PARTE MOTION TO REOPEN BANKRUPTCY CASE**

# I.

# POINTS AND AUTHORITIES

### A. Statement of Facts.

On November 23, 2013, Debtor filed her voluntary bankruptcy petition. On November 10, 2015, the court entered its order confirming Debtor's second amended plan filed on July 16, 2015 ("Plan"). [Court Doc 283] Pursuant to paragraph 44(c) of the Plan, the court retained jurisdiction to hear and determine any dispute arising under or relating to the Plan.[1] On April 25, 2016, the court entered its order granting Debtor's motion to enter final decree and close case. [Court Doc 304]

Class 1d creditor, Crow Canyon Heights Homeowners' Association, and its agent, Allied Trustee Services (collectively, "Creditor"), have violated the terms of the Plan by demanding, among other things: 1) money in excess of the terms stated in the Plan; 2) payment in full of the money to be paid out over the 60 month period of time; 3) demanding a sum of $10,958.12 to release its lien on real property commonly described as 131 Shoshone Ct, Danville CA ("Property") which Debtor was forced to pay; and 4) thereafter, initiating a non-judicial foreclosure of the Property.

### B. Reopening Bankruptcy Case.

The Court may reopen a case for the administration of assets on motion of the debtor or other party in interest and may order the appointment of a trustee, if necessary, to protect the interests of creditors or to ensure efficient administration of the case. 11 U.S.C. §350(b), F.R.B.P. 5010. The Bankruptcy Code empowers the bankruptcy court to reopen a case to "accord relief to a debtor". 11 U.S.C. § 350(b). In re Dodge, 138 B.R. 602, 605 (Bankr. E.D. Cal. 1992) The court's power is not circumscribed by any time limit. Id. As this court has previously suggested, such motions should be routinely granted because the case is necessarily reopened to consider the underlying request for relief. Id. citing *In re Corgiat*, 123 B.R. 388, 392, 393 (Bankr.E.D.Cal.1991).

---

[1] See page 15 of the Plan. [Court Doc 215 and is attached to court's confirmation order]

Law Offices of
**Tory M Pankopf Ltd**
748 S Meadows Parkway
Suite 244
Reno, Nevada 89521
(775) 384-6956

- 2 -

**EX PARTE MOTION TO REOPEN BANKRUPTCY CASE**

Debtor requests the court issue an order reopening her bankruptcy so that she may enforce the terms of her Plan against Creditor and file an application for an order to show cause why Creditor should not be held in contempt for violating the court's order confirming the Plan.

### C. Statement Re Appointment of a Trustee.

Counsel does not believe the appointment of a trustee is necessary given the Debtor is an individual, was the debtor in possession throughout her bankruptcy before the case was closed, and the issues to be resolved are simply whether the Creditor violated the terms of the Plan and, thus, are in contempt of the court's order confirming the Plan.

Debtor does not intend to amend her schedules and statements.

## II.
## CONCLUSION

Based upon the foregoing, Debtor respectfully requests the court enter an order reopening this case and for other and further relief as is deemed appropriate.

DATED: April 18, 2018　　　　　　　***TORY M PANKOPF, LTD***

　　　　　　　　　　　　　　　　　　/s/ Tory M. Pankopf
　　　　　　　　　　　　　　　　　　TORY M. PANKOPF

**Law Offices of**
**Tory M Pankopf Ltd**
748 S Meadows Parkway
Suite 244
Reno, Nevada 89521
(775) 384-6956

- 3 -

**EX PARTE MOTION TO REOPEN BANKRUPTCY CASE**